**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 10 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRED DEWITT MUNN, JR.,

     Plaintiff-Appellant,

vs.

RON WARD, Warden–Oklahoma
State Penitentiary; FRED COOK, D-
Unit Manager of Protective Custody;
ANDY ANDERSON, D-Unit Officer;
F. HUMPHREY, D-Unit Officer;
DIRK MCCARTY, D-Unit Officer; W.
O. MOODY, D-Unit Officer,

     Defendants-Appellees.

No. 98-7062
(D.C. No. CV-97-104-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Plaintiff-Appellant Fred DeWitt Munn, Jr., an inmate appearing pro se,

appeals from the district court's dismissal of his civil rights complaint brought

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

pursuant to 42 U.S.C. § 1983. In his complaint, Mr. Munn alleged that Defendants were deliberately indifferent to his medical needs, in violation of the Eighth Amendment, Defendants violated the First Amendment in denying him free exercise of religion, and Defendants extended his sentence in violation of due process by denying him the opportunity to earn two-for-one and three-for-one good time credits. In an amended complaint, Mr. Munn alleged that Defendants conspired to commit these violations and retaliated against him for filing a lawsuit. Finding these allegations to be vague and conclusory, the district court held that they did not rise to the level of a constitutional violation and dismissed the complaint pursuant to 28 U.S.C. § 1915(e). Having reviewed the record, we agree that Mr. Munn failed to satisfy the subjective and objective prongs of "deliberate indifference" and thus failed to state an Eighth Amendment claim. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). In addition, we affirm the district court's dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B), of Mr. Munn's First Amendment, due process, and conspiracy claims for substantially the reasons given by the court in its Order dated March 31, 1998.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 2 -